1  MICHELLE L. RICE, State Bar No. 235189
2  LAW OFFICES OF ROBERT KORY
   9300 Wilshire Blvd., Suite 200
3  Beverly Hills, CA 90212
   Tel (310) 285-1633; Fax (310) 278-7641
4  mrice@rbklaw.com

5  K. ANDREW KENT, State Bar No. 130097
   RINCON VENTURE LAW GROUP
6  2815 Townsgate Road, Suite 215
   Westlake Village, California 91361
7  Telephone: (805) 557-0580
   Facsimile: (805) 557-0480
8  akent@rincongroup.com

9  Attorneys for Plaintiff
   PROJECT PLAYLIST, INC.

10

11

12                    UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                    CV10  4484  DMG  PLAx

15

16 PROJECT PLAYLIST, INC.,              )  Case No.:
                                        )
17        Plaintiff,                     )
                                        )  COMPLAINT FOR:
18    vs.                                )
                                        )  TRADEMARK INFRINGEMENT;
19 DOMAIN LICENSING                      )  AND RELATED CLAIMS
   CORPORATION; DOMAIN                   )
20 HOLDING CORPORATION, BREHT            )
   BURRI, an individual, DOES 1          )  (DEMAND FOR JURY TRIAL)
21 THROUGH 25,                           )
                                        )
22        Defendants                     )
                                        )
23

24

25

26

27

28

                              - 1 -
                            COMPLAINT

Plaintiff Project Playlist, Inc., for its Complaint against Defendants Domain Licensing Corporation, Domain Holding Corporation, Breht Burri and Does 1 through 25, alleges on knowledge as to itself and its own acts and on information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.      This is an action for violation of the trademark, cyberpiracy prevention, and unfair competition laws of the United States, under 15 U.S.C. § 1125(a) and (d); for violation of California's unfair competition laws, under California Business and Professions Code § 17200 et seq., as well as the common law; and for declaratory relief under 28 U.S.C. § 2201.

2.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  The Court has pendent and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § §1338(b) and 1367.

3.      Venue is proper, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events and omissions giving rise to the claims arose in this District.

4.      The Court has personal jurisdiction over Defendants.  Through its interactive online services, Defendants DHC and DLC enter into contracts and other arrangements with residents of California.  Defendants' website, <playlists.com>, advertises, promotes and contains hyperlinks to other music-related websites that are owned by companies that are based in California, namely, Pandora, the online music radio which is headquartered in Oakland and Yahoo!, headquartered in Sunnyvale.  As such, Defendants' online services purposefully and actively interact with computers located in California.

5.      Defendant Burri is a licensed attorney in the State of California, whose license is listed with the State Bar of California as active.  Mr. Burri has had

- 2-

COMPLAINT

numerous and continuous contacts within this state and this district, including attending law school in this district and maintaining a law office in Pasadena for nearly five years. Defendants' conduct has caused and continues to cause injury to Plaintiff in California.

## PARTIES

6.    Plaintiff Project Playlist, Inc. is a corporation organized and existing under the laws of the State of Delaware. It has a principal place of business in Palo Alto, California.

7.    Plaintiff is informed and believes that Defendant Domain Licensing Corporation ("DLC") is a Delaware corporation whose principal place of business is 2107 Grand Blvd., Suite 208, Kansas City, Missouri, 64108.

8.    Plaintiff is informed and believes that Defendant Domain Holding Corporation ("DHC") is a Delaware corporation whose principal place of business is 2107 Grand Blvd., Suite 208, Kansas City, Missouri, 64108.

9.    Plaintiff is informed and believes that corporate Defendants DLC and DHC are owned and controlled by individual Defendant Breht Burri, who is, on information and belief, a resident of the state of Missouri.

10.   Plaintiff does not know the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as DOES 1 through 25, inclusive. Plaintiff therefore sues them by use of fictitious names. Plaintiff is informed and believes that Doe Defendants 1 through 25 are affiliated in some manner with the named defendants and have direct, contributory or vicarious responsibility for the wrongful acts as alleged herein. Plaintiff will seek leave to amend this Complaint appropriately once the true names and capacities of Doe Defendants 1 through 25 are learned. As used below, the term "Defendants" shall collectively refer to the corporate Defendants DHC, DLC and

- 3 -

COMPLAINT

individual Burri together with the defendants identified as DOES 1 through 25.

11.    On information and belief, each of the Defendants induced the other Defendants to infringe upon Plaintiff's rights, participated in, enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Plaintiff's rights, and constitute unfair competition and false and deceptive actions. Therefore each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of Plaintiff's rights.

## PLAINTIFF'S MARKS AND THE NATURE OF ITS BUSINESS

12.    Plaintiff has for many years engaged in substantial commercial use of the trademark PROJECT PLAYLIST and the abbreviated marks PLAYLIST.COM and PLAYLIST in connection with a broad variety of goods and services relating to music, entertainment and social networking over the internet. Plaintiff is the registrant of the top level domain name <playlist.com>.

13.    Through its website www.playlist.com, Plaintiff operates and hosts the world's largest online music community. From its inception, the playlist.com website has grown dramatically, both in terms of registered users and ad-revenues . As of May 2010, the PLAYLIST.COM™ website has over 50 million registered users. Given that the current U.S. population is approximately 309 million, it is estimated that almost one in five people over the age of 15 in the U.S. have registered as users of Plaintiff's playlist.com website. The online website ranking site, Alexa.com has consistently ranked Plaintiff's PLAYLIST.COM™ site in the top 500 most visited websites in the United States. Comscore has also ranked Plaintiff's PLAYLIST.COM™ site as one of the Top 10 music destinations on the Internet. According to Google Analytics, playlist.com has over 9.9 million unique users monthly.

- 4-

COMPLAINT

14.    Plaintiff has developed a proprietary digital music player which allows users to digitally stream MP3 files. A user may go to the PLAYLIST.COM™ website to generate a code to "embed" the PLAYLIST.COM™ digital music player (also known as a 'widget') in their personalized homepages on other social networking sites. Today, over 15 million PLAYLIST.COM™ digital music player widgets are embedded throughout the World Wide Web. The PLAYLIST.COM™ digital music player widget has also been used to promote the popular annual music festivals, Austin City Limits as well as the Coachella Music Festival, held each year in Indio, California.

15.    Plaintiff's website has generated and continues to generate revenues from two primary sources – advertisers who pay Plaintiff to place advertisements through the PLAYLIST.COM™ website and music distributors who pay a royalty based on the "click through" rate on their ads selling music products such as ring tones. Both types of revenues are derived from impressions (page views) generated by users of the PLAYLIST.COM™ website, in relation to advertising placed on the site. Nearly 2 billion advertising impressions monthly are served under Plaintiff's PLAYLIST.COM mark.

16.    Since at least early 2006, Plaintiff has used the trademark PROJECT PLAYLIST in interstate commerce in connection with computer software used for searching, processing, editing, linking and sharing digital information relating to music, and for playing music files. Plaintiff also has used the trademark PROJECT PLAYLIST since at least early 2006 in connection with advertising services in print, audio, video and on-line media. In addition, Plaintiff has used the trademark PROJECT PLAYLIST since at least early 2006 in connection with services used in transmitting and streaming digital media content. Further, since at least early 2006, Plaintiff has used the trademark PROJECT PLAYLIST in connection with computer services, namely creating, hosting and providing media content for an on-line community and social network relating to music.

- 5-

COMPLAINT

17.    In the marketplace, Plaintiff's PROJECT PLAYLIST trademark has become abbreviated to the nicknames PLAYLIST and PLAYLIST.COM by consumers, the trade and Plaintiff, and those abbreviated marks have been substantially and continuously used in association with Plaintiff's goods and services, as described above. Plaintiff's PROJECT PLAYLIST, PLAYLIST and PLAYLIST.COM trademarks comprise a family of related trademarks (PLAYLIST.COM Marks), all used in connection with the goods and services described above, in a manner establishing that they stand for a single source of origin, Plaintiff.

18.    Plaintiff has spent a considerable amount of money, as well as countless hours of labor, promoting, marketing and advertising its computer software, media, entertainment and social networking goods and services in connection with its PLAYLIST.COM Marks.

19.    Since the time of adoption of its PLAYLIST.COM Marks, Plaintiff's commercial use of those trademarks in connection with computer software, media, entertainment and social networking goods and services has been continuous and exclusive. Through such continuous and exclusive use, extensive sales of its innovative goods and services, careful planning and protection of its image and reputation, skilled and consistent quality control, and widespread advertising and promotion, Plaintiff's PLAYLIST.COM Marks have come to be recognized by relevant consumers as exclusively identifying and designating computer software, media, entertainment and social networking goods and services as originating from a single source, Plaintiff, that has been a leader in designing and producing these goods and services in the music field.   Plaintiff's PLAYLIST.COM Marks serve to identify and distinguish Plaintiff's goods and services amongst consumers and the trade and Plaintiff owns enforceable trademark rights in that mark, sufficient to prevent others from using a confusingly similar mark.

- 6-

COMPLAINT

20.    On August 18, 2009, Plaintiff filed a use-based application for federal registration of its trademark PLAYLIST.COM on the Principal Register of the United States Patent and Trademark Office ("USPTO").

## DEFENDANTS' UNLAWFUL CONDUCT

21.    On May 18, 2009, Defendant DLC filed an application for federal registration of a trademark consisting of "a cruciform arrangement of squares within the left side of a rectangular area and separated by a dividing line from the text 'playlists.com' situated above the text "Create Playlists For All Your Media," on the Principal Register of the USPTO. DLC applied for registration of its mark in Class 38 and described the proposed goods and services as "providing interactive online messaging services for registered users for exchanging of messages concerning music, images, audiovisual media, and electronic books." That application was assigned Serial Number 77739547 (the "'547 Application") and is now pending in the USPTO. The '547 Application disclaims any ownership of the component term "PLAYLISTS.COM CREATE PLAYLISTS FOR ALL YOUR MEDIA." It was filed under Section 1(b) of the Trademark Act, by which Defendant DLC affirmed that it had not made use of the applied-for mark but had a bona fide intent to use the mark.

22.    On May 18, 2009 Defendant DLC also filed an application for federal registration of a trademark consisting of "a cruciform arrangement of squares within the left side of a rectangular area and separated by a dividing line from the text 'playlists.com'" on the Principal Register of the USPTO. The mark "playlists.com" was applied for in international class 035, particularly: "advertising online retail music, audiovisual media, and electronic book sale services provided by others." This second application has been designated Serial No. 77739550 ("'550 Application") and is now pending in the USPTO. The '550 Application

-7-

COMPLAINT

disclaims any ownership of the component term "playlists.com." It was filed under Section 1(b) of the Trademark Act, by which Defendant DLC affirmed that it had not made use of the applied-for mark but had a bona fide intent to use the mark.

23.    According to the Whois.Net database, Defendant DHC is the registrant organization of a website whose top level domain name is <playlists.com>. In addition to the domain <playlists.com>, DHC is also the registrant organization of the domain <playlists.org>. Defendant Burri is the registrant name for both the '.com' and '.org' domains. Defendant DLC is the applicant on both of the '547 and '550 Applications. DLC's website, located at the URL http://www.domainlicensingcorporation.com/, describes its business as a "domain monetization and domain development organization."

24.    On information and belief, DLC has registered and owns and operates a portfolio of over 3,000 Internet domains. Plaintiff's research revealed that both of the domains, <playlists.com> and <playlists.org> are currently for sale through the domain broker Sedo.com.

25.    Also based upon Plaintiff's research, the <playlists.com> domain was for sale at the time of filing the Section 1(b) application for the "playlists.com" mark with the USPTO. Defendants' playlists.org website prominently states on the homepage that the domain <playlists.org> is for sale and to "Buy This Domain Now" through Fabulous Domains.

- 8-

COMPLAINT



26.   Defendants' website <playlists.com> is a minimally developed site, lacks discernible original content, and functions as a monetized "parked page" containing hyperlinks to competitors' music-related sites.  Defendants also use the website <playlists.com> to advertise and promote music and entertainment goods and services of Plaintiff's competitors, including Pandora and Rhapsody.  In this manner, Defendants offer goods and services in commerce in connection with the mark "playlists.com."

27.    Defendants use the website <playlists.com> to attract and confuse consumers and music industry professionals who are seeking Plaintiff's PLAYLIST.COM™ website, and PLAYLIST.COM™ goods and services. Defendants knowingly and willfully use the website <playlists.com> to engage in typosquatting, by which their aim is to take advantage of mistake and confusion by consumers and the trade in their efforts to find Plaintiff's official website, <playlist.com>. On information and belief, Defendants are also monetizing these misdirected user clicks through pay per click arrangements with companies, some of them direct competitors of Plaintiff's service, that are featured in the hyperlinks on playlists.com.

28.    Defendants' website <playlists.com> is listed as the 301,847th most visited site on the Internet in the United States. In stark contrast, Plaintiff's

- 10-

COMPLAINT

PLAYLIST.COM™ website is ranked as the 410th most visited site.[1]  On

information and belief, most, if not all, of the traffic received at Defendants'

website <playlists.com> is page views or page impressions of people searching for

Plaintiff's popular PLAYLIST.COM™ website.  Defendants  also use the website

<playlists.com> to further confuse consumers and the trade with the images,

graphics and other  content appearing on the website, and with linked web pages

by which Defendants or Does 1 through 25 offer goods and services similar or

related to the kinds of goods and services offered by Plaintiff.  Defendants' website

actively advertises, promotes and offers for sale goods and services in interstate

commerce, including within this judicial district.

     28.    Defendants have intentionally sought to infringe upon Plaintiff's

PLAYLIST.COM Marks, to cause confusion and mistake amongst consumers, the

trade, and those who come into post-purchase contact with the goods and services

offered by DLC and Does 1 through 25, as to whether these goods and services are

connected, affiliated or associated with Plaintiff.  Defendants and Does 1 through

25 also have intentionally sought to re-direct confused consumers to products

Defendants or Does 1 through 25 are selling that are not in fact associated with

Plaintiff.  Defendants' conduct is false, fraudulent and unfair, and deceives the

public and consumers, in addition to infringing on Plaintiff's well-established

rights in the PLAYLIST.COM Marks.

### FIRST CLAIM FOR RELIEF
**(Federal Unfair Competition and Infringement of Common Law Trademark; against all defendants; 15 U.S.C. §1125(a))**

    29.    Plaintiff incorporates by reference paragraphs 1 through 28 above, as

---

[1] Statistics based on a comparison of website ranking using Alexa.com on June 8, 2010.  See http://www.alexa.com/siteinfo/playlist.com. <last visited on June 8, 2010>.

- 11-

COMPLAINT

if set forth in full.

30.    The mark "playlists.com," when used in connection with the offering for sale of music and entertainment goods and services, is likely to cause confusion with Plaintiff's PLAYLIST.COM Marks  Defendants have made unauthorized use of a mark that is confusingly similar to the PLAYLIST.COM Marks, and of other terms, names, symbols or devices that are false and misleading, all in interstate commerce.  Defendants' acts as described herein are likely to cause confusion, deception and mistake amongst relevant consumers and the trade.

31.    Defendants' acts constitute false descriptions, false designations, false representations of origin, and false advertising in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

32.    Defendants' acts have caused, and will continue to cause, damage for which relief and recovery are required under Lanham Act Section 35 *et seq.* Defendants' acts also have caused and threaten to cause irreparable harm to Plaintiff, harm for which Plaintiff has no adequate remedy at law.  For those reasons, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent further violations of Section 43(a).

33.    On information and belief, Defendants undertook the acts stated herein, with the knowledge and intent that they would cause confusion, deception and mistake, or in knowing or reckless disregard of Plaintiff's prior rights and the confusion that their acts would likely cause.

34.    Defendant Burri directly controlled and monitored the activities of the infringing playlists.com website and Burri further had actual and/or constructive knowledge of the infringement of Plaintiff's trademark.

35.    Defendant Burri supervised and directed the content on the playlists.com site and either directly, or indirectly through his employees or agents, negotiated the associated "pay per click" arrangements with the companies to

- 12-

COMPLAINT

which hyperlinks are featured on the parked playlists.com domain. Further, Burri has received a financial benefit from "monetizing" the search confusion and the typographical errors associated with consumers mistakenly finding the parked site owned by Burri's domain companies, DHC and DLC. The sole purpose of Defendants' parked page website is to capture and monetize the misdirected consumer traffic using search terms seeking Plaintiff's site and to purposefully divert consumer traffic away from Plaintiff's site to competing music sites all to the expense and detriment of Plaintiff's business.

### SECOND CLAIM FOR RELIEF
(Federal Cyberpiracy; against all defendants;
15 U.S.C. § 1125(d))

36.    Plaintiff incorporates by reference paragraphs 1 through 35 above, as if set forth in full.

37.    Defendant DLC has registered, trafficked in, or used the top level domain name <playlists.com>. This domain name is confusingly similar to Plaintiff's trademark PLAYLIST.COM.

38.    On information and belief, Defendant DLC's conduct as stated herein has been in bad faith, within the meaning of Section 43(d) of the Lanham Act, 15 U.S.C. § 1126(d).

39.    On information and belief, DLC is the registrant of the domain name that reproduces the confusingly similar, infringing mark, and which is alleged herein to violate the cyberpiracy provisions of the Lanham Act. On information and belief, Does 1 through 25 are authorized licensees or contractors of Defendant DLC who in some manner used or benefitted from the registration or operation of the domain names that reproduce the infringing mark.

- 13-

COMPLAINT

### THIRD CLAIM FOR RELIEF
#### (Unfair Competition; against all defendants;
#### Cal. Bus & Prof. Code §17200 and Common Law)

40.    Plaintiff incorporates by reference paragraphs 1 through 39 above, as if set forth in full.

41.    Defendants' site <playlists.com> contains hyperlinks to competing online music services similar to Plaintiff's playlist.com site.  Thus, a user who mistakenly types in Defendant's URL http://www.playlists.com, attempting to find Plaintiff's PLAYLIST.COM™ website, arrives at a webpage containing hyperlinks to numerous music-related websites that are direct competitors of Plaintiff's online music service, such as Pandora and Rhapsody.

42.    Defendant's conduct constitutes an unlawful, unfair and fraudulent business practice and unfair competition, under California Business and Professions Code §§ 17200 et seq. and the common law.

43.    As a result of Defendants unfair practices, Defendants have unfairly acquired or retained money, in an amount to be proven at trial.  Plaintiff has suffered injury in fact and has lost money or property as a result of the unfair competition.

44.    Plaintiff is entitled to an order that Defendants disgorge all such unfairly acquired money.

45.    Defendants' unfair practices have caused, and will continue to cause, irreparable harm to Plaintiff, harm for which Plaintiff has no adequate remedy at law.  Plaintiff is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition.

### FOURTH CLAIM FOR RELIEF
#### (Declaratory Relief; against all defendants;
#### 28 U.S.C. §§ 2201(a), 2202)

46.    Plaintiff incorporates by reference paragraphs 1 through 45 above, as

- 14-

COMPLAINT

if set forth in full.

47.    On information and belief, Plaintiff is the prior, senior user of the PLAYLIST.COM Marks in intrastate and interstate commerce, in connection with music, entertainment and social networking over the internet, namely computer software relating to digital music files, computer software used for searching, processing, editing, linking and sharing digital information relating to music, and for playing music files, advertising services in print, audio, video and on-line media, services used in transmitting and streaming digital media content, and computer services used for creating, hosting and providing media content for an on-line community and social network relating to music.

48.    An actual, substantial and justiciable controversy exists between Plaintiff and Defendants with respect to the PLAYLIST.COM Marks. Plaintiff contends that it is the prior, senior user and owner of the PLAYLIST.COM Marks, and further contends that Defendants are using the "playlists.com" trademark and <playlists.com> top level domain name in violation of Plaintiff's rights under the Lanham Act and at common law; on information and belief, Defendants dispute Plaintiff's contentions.

49.    Plaintiff is entitled to a declaratory judgment that it is the prior, senior user of the PLAYLIST.COM Marks in intrastate and interstate commerce, that it owns common law rights in the PLAYLIST.COM Marks, in connection with goods and services described above, in all states and territories in which it is the prior user, and that Defendants have violated Plaintiff's rights in the PLAYLIST.COM Marks under the Lanham Act and at common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    That the Court enter judgment declaring that Defendants have

- 15 -

COMPLAINT

infringed Plaintiff's common law PLAYLIST.COM Marks; have used false designations of origin, false descriptions, false representations, and false advertising in violation of 15 U.S.C. § 1125(a); and have committed acts constituting unfair competition, in violation of California Business & Professions Code §§ 17200 et seq. and the common law; and that such judgment declare Plaintiff's rights and Defendants' lack of rights, in regard to the marks and domain name <playlists.com> as alleged herein, under 28 U.S.C. § 2201.

2.    That the Court preliminarily and then permanently enjoin Defendants, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendants, from using in commerce, in connection with the advertising, marketing, distribution, sale or offering for sale of any wine, alcoholic beverage or related good, any "playlists.com" trademark, or other designation formed of the component term "playlists" or "playlist" or other designation confusingly similar to Plaintiff's trademark and domain name <PLAYLIST.COM>, and from otherwise infringing on Plaintiff's trademarks; from using a domain name or metatags incorporating the term "playlists.com" or "playlist.com"; from maintaining any application for registration of a trademark incorporating the term "playlists.com" or "playlist.com," including specifically the '547 and '550 Applications; from unfairly competing with Plaintiff; from engaging in acts of false advertising; and from engaging in any other acts that tend to damage Plaintiff's trademark, trade name, business reputation, and goodwill;

3.    That Defendants be ordered to surrender for destruction all products, labels, advertisements, promotional materials, and other materials constituting an infringement of Plaintiff's Mark or the means by which such infringement is facilitated;

4.    That defendants be ordered to transfer ownership to Plaintiff of the

- 16-

COMPLAINT

domain name <playlists.com>;

     5.     That the Commissioner for Trademarks at the USPTO be directed to refuse registration upon the '547 and '550 Applications, or if those applications ripen into registrations before final judgment in this action, that the Commissioner be directed to cancel the registrations;

     6.     That Plaintiff be awarded its damages according to proof;

     7.     That Plaintiff be awarded the profits acquired by Defendants through their unlawful acts;

     8.     That the Court increase and enhance any award of damages and/or profits based on Defendants' willfulness;

     9.     That the Court award Plaintiff its reasonable attorneys' fees and costs; and

     10.     That the Court award Plaintiff such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: June 17, 2010

LAW OFFICES OF ROBERT KORY
MICHELLE L. RICE

And

RINCON VENTURE LAW GROUP
K. ANDREW KENT

By: _____

K. Andrew Kent
Attorneys for Plaintiff
PROJECT PLAYLIST, INC.

- 17 -

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes its demand for a jury trial of this action.

Respectfully submitted,

DATED: June 17, 2010                      LAW OFFICES OF ROBERT KORY
                                          MICHELLE L. RICE

                                                    And

                                          RINCON VENTURE LAW GROUP
                                          K. ANDREW KENT

                                          By: _____
                                              K. Andrew Kent
                                              Attorneys for Plaintiff
                                              PROJECT PLAYLIST, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 4484 DMG (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**          [ ] **Southern Division**              [ ] **Eastern Division**
312 N. Spring St., Rm. G-8        411 West Fourth St., Rm. 1-053         3470 Twelfth St., Rm. 134
Los Angeles, CA 90012             Santa Ana, CA 92701-4516               Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JUN 18 2010 8:11AM    HP LASERJET 3200                                      p.20

Case 2:10-cv-04484-DMG-PLA  Document 1  Filed 06/17/10  Page 20 of 22  Page ID #:20
From: JANNEY & JANNEY COURT SERVICES    4138024      06/17/2010 14:15    #781 P.004/006

From: Janney & Janney Atty. Svc.    To: USDC        06/17/2010 15:44    #715 P.005/026

K. Andrew Kent, Esq. (State Bar No. 130097)
RINCON VENTURE LAW GROUP
2815 Townsgate Road, Suite 215
Westlake Village, CA 91361
akent@rincongroup.com
Telephone: (805)557-0580  Facsimile: (805)557-0480

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT PLAYLIST, INC. <br><br> PLAINTIFF(S) <br><br> v. <br><br> DOMAIN LICENSING CORPORATION; DOMAIN HOLDING CORPORATION, BREHT BURRI, an individual, DOES 1 through 25, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10 4484 DMG PLA**x <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, ____K. Andrew Kent, Esq.____, whose address is 2815 Townsgate Road, Suite 215, Westlake Village, CA 91361_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

JUN 1 7 2010

Dated: _____    By: _____
                                          Deputy Clerk

                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

From:Janney & Janney Atty. Svc.    To:USDC              08/17/2010 15:43    #715 P.003/024

                                                                            P.1

JUN 17 2010 1:55PM    HP LASERJET 3200

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

PROJECT PLAYLIST, INC.

**DEFENDANTS**

DOMAIN LICENSING CORPORATION; DOMAIN HOLDING CORPORATION, BRETT BURRI, an individual, DOES 1 through 25

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Santa Clara, CA

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Jackson, MO

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
K. Andrew Kent, Esq. (State Bar No. 130097)
RINCON VENTURE LAW GROUP
2815 Townsgate Road, Suite 215          Telephone (805) 557-0580
Westlake Village, CA 91361              Facsimile: (805) 557-0480

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

☐ **CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1125, Infringement of Common Law Trademark

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:    CV10  4484

CV-71 (07/05)                           **CIVIL COVER SHEET**                       Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Santa Clara

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

Missouri

List the California County, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

X. **SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____ June 17, 2010 _____

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions
sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |