CONFORMED COPY

1  Lincoln D. Bandlow (SBN 170449)
   lbandlow@lathropgage.com
2  Amber D. Henry (SBN 247624)
   ahenry@lathropgage.com
3  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
4  Los Angeles, CA 90067
   Telephone: (310) 789-4600
5  Fax: (310) 789-4601
6  Attorneys for Defendants
7  DOMAIN LICENSING CORPORATION,
   DOMAIN HOLDING CORPORATION,
8  and BREHT BURRI
9
10
11                  UNITED STATES DISTRICT COURT
12            FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
14  PROJECT PLAYLIST, INC.,              Case No.  CV10-4484 DMG (PLAx)
15              Plaintiff,
                                         **DEFENDANTS' ANSWER TO**
16        v.                             **COMPLAINT AND**
                                         **COUNTERCLAIM**
17  DOMAIN LICENSING
    CORPORATION; DOMAIN HOLDING
18  CORPORATION; BREHT BURRI, an         **DEMAND FOR JURY TRIAL**
    individual; DOES 1 THROUGH 25,
19
              Defendants.
20
21  DOMAIN LICENSING
    CORPORATION; DOMAIN HOLDING
22  CORPORATION; BREHT BURRI,
23            Counterclaimants,
24        v.
25  PROJECT PLAYLIST, INC., and ROES
    1 through 10,
26
              Counter-Defendants.
27
28

Defendants DOMAIN LICENSING CORPORATION ("DLC"), DOMAIN HOLDING CORPORATION ("DHC"), and BREHT BURRI ("Defendants") hereby respond to the Complaint for (1) Federal Unfair Competition and Infringement of Common Law Trademark; (2) Federal Cyberpiracy; (3) Unfair Competition pursuant to Cal. Bus. & Prof. Code § 17200 and common law; and (4) Declaratory Relief, by Plaintiff PROJECT PLAYLIST, INC. ("Plaintiff") as follows.  The paragraph numbers below correspond to the paragraphs in the Complaint.

## JURISDICTION AND VENUE

1.     Defendants admit that Plaintiff purports to state claims for violation of trademark, cyberpiracy prevention, and unfair competition laws of the United States, under 15 U.S.C. § 1125(a) and (d); for violation of California's unfair competition laws, under Cal. Bus. & Prof. Code § 17200 *et seq.* as well as the common law; and for declaratory relief under 28 U.S.C. § 2201.

2.     Defendants admit that Plaintiff alleges that jurisdiction over this matter is proper under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and principles of supplemental and pendant jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3.     Defendants admit that Plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b).  Except as expressly admitted, Defendants deny the allegations set forth in paragraph 3 of the Complaint.

4.     For purposes of this action only, Defendants do not dispute that the Court has personal jurisdiction over Defendants.  Defendants further aver that the website playlists.com speaks for itself.  Defendants deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.     Defendants admit that Defendant Burri is a licensed attorney in the State of California with an active status.  Defendants further admit that Burri attended law school in California and formerly maintained an office in Pasadena.  Defendants deny that Defendants' conduct has caused or will continue to cause injury to Plaintiff in California or anywhere else.

**PARTIES**

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and therefore deny those allegations.

7.     Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8.     Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9.     Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10.    Defendants admit that Plaintiff is purporting to sue Doe defendants, but otherwise deny the remaining allegations set forth in paragraph 10 of the Complaint.

11.    Defendants deny the allegations set forth in paragraph 11 of the Complaint.

**PLAINTIFF'S MARKS AND THE NATURE OF ITS BUSINESS**

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore deny those allegations.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and therefore deny those allegations.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore deny those allegations.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore deny those allegations.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and therefore deny those allegations.

17.     Defendants specifically deny that the word playlist is associated with a single source, Plaintiff or otherwise, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint and therefore deny those allegations.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and therefore deny those allegations.

19.     Defendants specifically deny that the word playlist is associated with a single source, Plaintiff or otherwise, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint and therefore deny those allegations.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and therefore deny those allegations.

## DEFENDANTS' ALLEGED UNLAWFUL CONDUCT

21.     Defendants deny that DLC affirmed that it had not made use of the applied for mark simply because it filed its trademark application under Section 1(b) of the Trademark Act, but otherwise admit the remaining allegations set forth in paragraph 21 of the Complaint.

22.     Defendants deny that DLC affirmed that it had not made use of the applied for mark simply because it filed its trademark application under Section 1(b) of the Trademark Act, but otherwise admit the remaining allegations set forth in paragraph 22 of the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

23.     Defendants deny that DLC describes its business as a "domain monetization and domain development organization," but otherwise admit the remaining allegations set forth in paragraph 23 of the Complaint.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff's research revealed as set forth in paragraph 24 of the Complaint and therefore deny those allegations, but otherwise admit the remaining allegations set forth in paragraph 24 of the Complaint.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff's research revealed as set forth in paragraph 25 of the Complaint and therefore deny those allegations, but otherwise admit the remaining allegations set forth in paragraph 25 of the Complaint.

26.     Defendants aver that the website speaks for itself and otherwise deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's and Defendants' website rankings as set forth in paragraph 28 of the Complaint and therefore deny those allegations.  Defendants further aver that their website speaks for itself, but specifically deny the remaining allegations set forth in paragraph 28 of the Complaint.

## FIRST CLAIM FOR RELIEF

29.     Defendants respond to the allegations realleged and incorporated by reference in paragraph 29 of the Complaint in the same manner as set forth in paragraphs 1 through 28 hereinabove.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.     Defendants admit that Burri supervised and directed the content on the playlists.com site, but otherwise deny the remaining allegations set forth in paragraph 35 of the Complaint.

## SECOND CLAIM FOR RELIEF

36.     Defendants respond to the allegations realleged and incorporated by reference in paragraph 36 of the Complaint in the same manner as set forth in paragraphs 1 through 35 hereinabove.

37.     Defendants admit that DLC has used the domain name playlists.com, but deny the remaining allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants admit that DLC is the registrant of the website but otherwise Defendants deny the allegations set forth in paragraph 39 of the Complaint.

## THIRD CLAIM FOR RELIEF

40.     Defendants respond to the allegations realleged and incorporated by reference in paragraph 40 of the Complaint in the same manner as set forth in paragraphs 1 through 39 hereinabove.

41.     Defendants aver that their website playlists.com speaks for itself, and otherwise deny the remaining allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

## FOURTH CLAIM FOR RELIEF

46.     Defendants respond to the allegations realleged and incorporated by reference in paragraph 46 of the Complaint in the same manner as set forth in paragraphs 1 through 45 hereinabove.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and therefore deny those allegations.

48.     Defendants admit there is a controversy regarding the Playlist Marks. Except as expressly admitted, Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

## AFFIRMATIVE DEFENSES

For their affirmative defenses to the Complaint, Defendants allege as follows:

### First Affirmative Defense

### (Failure to State a Claim)

50.     The Complaint fails to state facts sufficient to constitute a claim against Defendants.

1

## Second Affirmative Defense

2

## (Misuse, Waiver and Estoppel)

3      51.   Plaintiff's claims are barred by the doctrines of misuse, waiver and

4   estoppel.

5

## Third Affirmative Defense

6

## (Unclean Hands)

7      52.   Plaintiff's claims are barred by the virtue of its unclean hands.

8

## Fourth Affirmative Defense

9

## (Laches)

10      53.   Plaintiff's claims are barred by the doctrine of laches.

11

## Fifth Affirmative Defense

12

## (Failure to Mitigate)

13      54.   Plaintiff has failed to mitigate some or all of the damages it claims to have

14   suffered.

15

## Sixth Affirmative Defense

16

## (No Priority of Use)

17      55.   Plaintiff's claims are barred because others were using Plaintiff's alleged

18   marks or similar marks prior to Plaintiff's use of such purported marks.

19

## Seventh Affirmative Defense

20

## (Generic)

21      56.   Plaintiff's purported trademarks are generic and therefore not protectable

22   at law.

23

## Eighth Affirmative Defense

24

## (Descriptive)

25      57.   Plaintiff's purported trademarks are merely descriptive and therefore not

26   protectable at law.

27

28

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

## Ninth Affirmative Defense

### (Lack of Secondary Meaning)

58.    Plaintiff's purported trademarks are not protectable at law because they lack sufficient distinctiveness and have acquired no secondary meaning.

## Tenth Affirmative Defense

### (Not an Indicator of Source)

59.    Plaintiff's purported trademarks do not function as an indicator of source and therefore are not protectable at law.

## Eleventh Affirmative Defense

### (Fair Use)

60.    Defendants' use of the terms "playlist" and "playlists.com" was and continues to be made in good faith, a fair use and not infringing.

## Twelfth Affirmative Defense

### (Innocent Infringer – Lack of Willfulness)

61.    To the extent that Defendants infringed Plaintiff's trademark rights, which Defendants deny, such infringement was innocent and not willful.

## Thirteenth Affirmative Defense

### (Not Entitled to Injunctive Relief)

62.    Plaintiff is not entitled to injunctive relief because any injury is not irreparable, Plaintiff has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief.

To the extent that further investigation and discovery reveals additional affirmative defenses to which Defendants are entitled, Defendants reserve the right to assert such additional affirmative defenses.

## COUNTERCLAIM

Defendants DOMAIN LICENSING CORPORATION ("DLC"), DOMAIN HOLDING CORPORATION ("DHC"), and BREHT BURRI ("Counterclaimants" or "Defendants") for their Counterclaim against Plaintiff PROJECT PLAYLIST, INC. ("Counter-Defendant") allege and aver as follows.

## JURISDICTION AND VENUE

1.      This is an action at law and equity seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201, 2202, for the purpose of determining questions of actual controversy between the parties as set forth more fully below.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 15 U.S.C. § 1121(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Moreover, Counterclaimants' counterclaims against Counter-Defendants are compulsory pursuant to Federal Rule of Civil Procedure 13(a).

3.      This Court has personal jurisdiction over Counter-Defendants as they initiated this lawsuit in this Court, and, on information and belief, it maintains its principal place of business in Palo Alto, California.

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions going into the claims occurred within this judicial district, by virtue of Counter-Defendant's original suit filed against Defendants, and Counter-Defendants reside or do business within this judicial district.

## THE PARTIES

5.      Defendant and Counterclaimant Domain Licensing Corporation ("DLC") is a Delaware corporation whose principal place of business is 2107 Grand Blvd., Suite 208, Kansas City, Missouri 64108.

6.      Defendant and Counterclaimant Domain Holding Corporation ("DHC") is a Delaware corporation whose principal place of business is 2107 Grand Blvd., Suite 208, Kansas City, Missouri 64108.

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

7.     Defendant and Counterclaimant Breht Burri is an individual residing in the state of Missouri.

8.     On information and belief, Plaintiff and Counter-Defendant Project Playlist, Inc. is a Delaware corporation whose principal place of business is 444 High Street, Suite 300, Palo Alto, California 94301.

9.     Counterclaimants are ignorant of the true names and capacities of Counter-Defendants sued herein as Roes 1-10, inclusive, and therefore sue these Counter-Defendants by such fictitious names.  Counterclaimants will amend this Counterclaim to allege their true names and capacities when ascertained. Counterclaimants are informed and believe and thereon allege that each of the fictitiously named Counter-Defendants is responsible in some manner for the occurrences herein alleged.

10.    At all times relevant herein, the Counter-Defendants, and each of them, were the agents, representatives, servants, employees, assistants and the like of their co-Counter-Defendants, and were, as such, acting within the course and scope of such agency, representation and/or employment and with the permission, authority, knowledge and consent of the other Counter-Defendants; that each and every Counter-Defendant was negligent in the selection, hiring, monitoring, supervising and/or continued employment of each and every other Counter-Defendant as an agent, representative, servant, employee and/or assistant.

11.    Counterclaimants are informed and believe and thereon allege that each of the Counter-Defendants named herein or designated as a Roe was negligently, wantonly, recklessly, maliciously and otherwise tortuously responsible in some manner for the events and happenings herein alleged and negligently, wantonly, recklessly, maliciously and otherwise tortuously proximately caused the injuries and damages to Counterclaimants as alleged herein.

## GENERAL ALLEGATIONS

12.    Counter-Defendants have asserted that they have trademark rights in the terms PLAYLIST, PLAYLIST.COM, and PROJECT PLAYLIST.

13.    On information and belief, Counter-Defendants filed an intent to use trademark application for PROJECT PLAYLIST on December 7, 2006.  The application included a disclaimer of the word "project."

14.    This application was refused registration, however, based upon a prior registration for PLAYLIST owned by International Data Group, Inc.  International's registration of PLAYLIST is still active.

15.    Counter-Defendants abandoned their application for trademark protection of PROJECT PLAYLIST when they failed to respond to the USPTO's Office Action refusing registration.

16.    Several years later, on August 18, 2009, Counter-Defendants filed with the United States Patent and Trademark Office a use-based application for federal registration of their purported PLAYLIST.COM mark.

17.    In response to Counter-Defendants' August 2009 application, in or around November 2009, the USPTO Examiner issued an Office Action rejecting Counter-Defendants' specimens of use and requesting Counter-Defendants disclaim "playlist.com."

18.    Although Counter-Defendants submitted new specimens in response to this Office Action, they specifically stated they would not disclaim "playlist.com."

19.    Despite their federal application, Counter-Defendants are fully aware that they do not have priority of use of the terms "Playlist" or "Playlist.com", and that the terms are not protectible as trademarks.

20.    Indeed, the term "Playlist" is widely recognized to generically and non-distinctively refer to a listing of any media.

21.    Moreover, the terms "Playlist" or "Playlist.com" do not indicate a single source of origin of any goods and/or services.

22.     Consumers recognize that the terms "Playlist" or "Playlist.com" are generic and not distinctive of any one source and therefore cannot represent the source of the goods and/or services associated therewith.

23.     Because consumers recognize that the terms "Playlist" or "Playlist.com" are generic and not distinctive of any one source, there is no likelihood of confusion between any parties' use of either term with any other party.  Indeed, the term "playlist" appears as a menu item in almost all graphical user interfaces on cellular phones, media players, televisions, software products and websites when referencing any list of music, movies or television shows.

24.     In fact, consumers are accustomed to seeing multiple entities use the term "Playlist" or similar terms in the same manner as Counter-Defendants.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief of Genericness and/or Descriptiveness with No Secondary Meaning against Counter-Defendants)

25.     Defendants incorporate by reference paragraphs 1 through 24, above, as though fully set forth herein.

26.     The marks PLAYLIST, PLAYLIST.COM, and similar marks are generic, not distinctive of any one source, cannot indicate the source of goods and service, and therefore can be freely used by everyone.

27.     There is no likelihood of confusion between Counterclaimants' use of playlists.com or playlists.org or any similar mark.

28.     Therefore, an actual and justiciable controversy exists between Counterclaimants and Counter-Defendants with respect to Counter-Defendants' assertion of trademark rights to certain PLAYLIST terms.  Counterclaimants contend that Counter-Defendants are not entitled to any protection of their purported PLAYLIST and PLAYLIST.COM marks as they are generic and/or descriptive and

13

1  not distinctive of any one source, and further that Counterclaimants have not violated

2  any of Counter-Defendants' rights.  Counter-Defendants dispute these contentions.

3       29.    Thus, Counterclaimants are entitled to a declaratory judgment that

4  Counter-Defendants' purported trademarks PLAYLIST and PLAYLIST.COM are not

5  entitled to trademark protection either under federal or state law, and that Defendants

6  have not violated any of Counter-Defendants' rights in such non-protectable marks.

7  **<u>PRAYER FOR RELIEF</u>**

8      WHEREFORE, Defendants and Counterclaimants Domain Licensing

9  Corporation, Domain Holding Corporation and Breht Burri respectfully request that

10  the Court enter judgment in their favor and against Plaintiff and Counter-Defendant

11  Project Playlist, Inc. and Roes 1 through 10 and pray as follows:

12      1.    That the Complaint, and each and every purported cause of action set

13  forth therein, be dismissed with prejudice and Plaintiff take nothing herein;

14      2.    That Counter-Defendants' purported trademarks be declared not

15  protectable and therefore Defendants have not violated any of Counter-Defendants'

16  rights;

17      3.    That Defendants be awarded their costs, expenses, and attorneys' fees;

18  and

19      4.    For such other and further relief as the Court may deem just and proper.

20

21  DATED:  July 15, 2010             LATHROP & GAGE LLP

22

23

24  By_____

25               Lincoln Bandlow
             Attorneys for Defendants

26               DOMAIN LICENSING
             CORPORATION, DOMAIN HOLDING

27               CORPORATION, and BREHT BURRI

28

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

1

## DEMAND FOR JURY TRIAL

2       Defendants and Counterclaimants Domain Licensing Corporation, Domain

3  Holding Corporation and Breht Burri hereby demand trial by jury.

4

5

6  DATED:  July 15, 2010                    LATHROP & GAGE LLP

7

8

9  By_____

10                                    Lincoln Bandlow
                                   Attorneys for Defendants
                                   DOMAIN LICENSING
11                                 CORPORATION, DOMAIN HOLDING
                                   CORPORATION, and BREHT BURRI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM